　　　　　　　　　　　　　　　　　　**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1722
_____

TYRONE PEELE,
　　　　　　　　Appellant

v.

ULLI KLEMM

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-13-cv-00200)
Magistrate Judge:  Honorable Sandra Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2016

Before:  KRAUSE, SCIRICA and FUENTES, Circuit Judges

(Opinion filed: October 17, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Tyrone Peele appeals the District Court's dismissal of his complaint. We will summarily affirm.

I.

In July 2013, Appellant Tyrone Peele, proceeding pro se, filed a complaint in the Western District of Pennsylvania against Ulli Klemm, the Religion, Volunteer, and Recreational Services Administrator for the Pennsylvania Department of Corrections ("DOC"). Peele alleged that his First Amendment right to free exercise of religion, the First Amendment Establishment Clause, and his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., were violated as a result of DOC Policy DC-819 ("DC-819"), which places restrictions on the rights of Muslim inmates to attend the two feasts of the Ramadan holiday – Eid-al-Fitr and Eid-al-Adha.[1] Peele subsequently filed an amended complaint in November 2013, substantially identical to the original complaint.[2]

---

[1] DC-819 provides that to participate in either the Eid-at-Fitr or Eid-al-Adha feasts, an inmate "shall have participated in Ramadan for the entire month and must pay the cost of the fast with a cash slip," and "[a]ny inmate who is in the RHU in Disciplinary Custody (DC) cannot participate in the either (sic) of the Ramadan feasts."

[2] Peele titled the amended complaint "Religious Infringement, An Instant Petition, American with Disabilities Act." However, the amended complaint makes no mention of a disability or a claim under the Americans with Disabilities Act (ADA).

In December 2013, Klemm filed a motion to dismiss, or, in the alternative, motion for a more definite statement. The District Court[3] issued an Opinion & Order granting Klemm's motion to dismiss Peele's First Amendment claims and RLUIPA claim insofar as it sought to recover monetary damages. However, Klemm's motion to dismiss was denied as to Peele's RLUIPA claim for injunctive relief. The District Court also granted Klemm's motion for a more definite statement, ordering Peele to file a second amended complaint containing only those allegations relating to his RLUIPA claim for injunctive relief and specifically stating the ways in which he personally had been allegedly restricted from practicing his religious beliefs as a result of DC-819.

After Peele failed to file a second amended complaint in accordance with the District Court's order, the District Court issued a Show Cause Order, requiring Peele to file the required amendment or suffer dismissal for failure to prosecute. In June 2015, Peele filed a "Supplemental Complaint," which was construed as a second amended complaint. In July 2015, Klemm filed a motion to dismiss the supplemental complaint, and in March 2016, the District Court granted Klemm's motion to dismiss, finding that Peele's supplemental complaint failed to include a more definitive statement of his RLUIPA claim, despite having had nine months to do so.

Peele appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Peele has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this

---

[3] Both parties consented to a Magistrate Judge's jurisdiction over this matter.

appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review of the District Court's order granting Klemm's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

We agree with the analysis of the District Court that Peele's First Amendment claims do not survive the Rule 12(b)(6) standard. Prisoners have a First Amendment

4

right to practice their religion. Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, this constitutional right is limited by valid penological objectives. O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) (finding "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security"). Evaluation of these objectives is best "committed to the considered judgement of prison administrators, 'who are actually charged with and trained in the running of the particular institution under examination.'" Id. at 349 (quoting Bell, 441 U.S. at 562). In Turner v. Safley, 482 U.S. 78, 89-91 (1987), the Supreme Court outlined four factors that are relevant in determining the reasonableness of a prison regulation: (1) "there must be a valid, rational connection between the prison regulation and the legitimate governmental interest"; (2) whether the inmate has an "alternative means of exercising the right" at issue; (3) the burden that the accommodation would impose on prison resources; and (4) "the absence of ready alternatives."

Here, Peele failed to provide any factual support for his First Amendment claims beyond general conclusory allegations that DC-819 was inimical to his and possibly other inmates First Amendment rights. Peele failed to plead what if any restrictions were placed on his or any Muslim's ability to fast during Ramadan or if he or other inmates were personally affected by DC-819. See Mala, 704 F.3d at 245. Notwithstanding this deficiency, we agree with the District Court that DC-819 satisfies the Turner factors, as requiring inmates to share the cost of purchasing food for the feasts serves the legitimate

5

penological purpose of cost containment, and Peele has not alleged that the Muslim religion compels participation in a feast or meal on either feast day.

In determining whether governmental action violates the Establishment Clause, the Supreme Court has set forth a three-prong approach in Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971). A challenged action is unconstitutional if (1) it lacks a secular purpose; (2) its primary effect either advances or inhibits religion; or (3) fosters "an excessive government entanglement with religion." Id.

The District Court determined that Peele was relying on the second prong of the Lemon test – that the primary effect on the implementation of DC-819 is to inhibit the Islamic religion. We agree with the District Court that this claim is without merit as Peele has not alleged that DC-819 inhibits or interferes with any of the required religious practices of Islam. Rather, DC-819 merely places restrictions on the two feasts: namely, that inmates must fast in order to feast, that they must pay for the feasts, and that inmates in disciplinary custody are not eligible for the feasts.

To the extent that Peele's amended complaint also stated a RLUIPA claim, we note that the Supreme Court reaffirmed in Holt v. Hobbs, 135 S. Ct. 853, 862 (2015), that RLUIPA was passed to provide "greater protection" for religious liberty than is provided by the First Amendment. Since the District Court effectively dismissed Peele's second amended complaint for failure to comply with its order to file a more definitive statement of his RLUIPA claim, it should have considered the Poulis factors, which include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused

6

by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No one factor is dispositive, and not all of the Poulis factors need to be satisfied before dismissing a complaint. See In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013).

Although the District Court did not expressly consider these factors, it is plain from that record that dismissal was appropriate. Despite being given over nine months to comply with the District Court's order to file a more definitive statement of his RLUIPA claim, Peele failed to allege sufficient facts to support a claim that DC-819 "substantially burdened" his exercise of religion. Hobbs, 135 S. Ct. at 862. Peele's noncompliance hinders his and this Court's ability to move forward and, thus, prejudices Klemm's ability to defend. No effective, alternative sanctions are apparent. Accordingly, we find that the District Court properly dismissed Peele's second amended complaint under Poulis, based on his repeated non-compliance with the District Court's orders.

For the foregoing reasons, we will affirm the District Court's order dismissing Peele's complaint.

7